UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03776-AH-SSCx | Date | September 25, 2026 |
| Title | *Threeleaf Enterprises LLC et al. v. Vincent Mehdizadeh et al.* | | |

Present: The Honorable Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF PROSECUTION [JS-6]**

On June 16, 2026, this Court issued an order to continue certain trial and related pretrial dates. *See* Dkt. No. 62. The order stated, among other things, that the Final Pretrial Conference documents were due on September 17, 2026. *Id.* at 2. Both parties did not file the documents by that date. On September 18, 2026, this Court notified the parties of the following: that "[t]he deadline for the parties to file all trial documents was September 17, 2026"; that "[n]either party has filed pre-trial documents"; and that "[t]he parties have been repeatedly admonished for their failure to properly comply with the Courts orders regarding Final Pretrial Conference documents." *See* Dkt. No. 63.

This Court ordered the parties to meet and confer, and file by September 23, 2026, 5:00 p.m., either "(1) all required Final Pretrial Conference documents, or (2) a request for dismissal or proposed judgment." *Id.* This Court stated that "[f]ailure to adequately respond to [the] Order may result, without further warning, in the Court dismissing this action." *Id.* This Court then issued a separate order "to show cause re why the Court should not impose monetary sanctions in the amount of $2,000 for the parties continued failure to abide by the Courts orders." *Id.* This Court stated that a "written response to the OSC shall also be filed by

September 23, 2026." *Id.* To date, neither party has filed the required documents or responded to the order to show cause.

Accordingly, this Court considers whether to dismiss the case for failure to prosecute or comply with a court order. "District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citation modified).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

*Id.* at 1260-61 (quoting *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). Having considered the factors above and the parties' failure to adequately respond to the Court's order, the Court finds that a dismissal without prejudice is warranted.

Accordingly, this action is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**